UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL PUGH,

           Plaintiff,

    v.

S. ARREDONDO, et al.,

           Defendants.

Case No.  24-cv-01890-TLT

**ORDER OF DISMISSAL**

      Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 regarding events at the Correctional Training Facility (CTF). The Court dismissed plaintiff's complaint with leave to amend. Dkt. No. 16. Plaintiff's amended complaint is now before the Court for screening pursuant to pursuant to 28 U.S.C. § 1915A. Dkt. No. 18.  For the reasons identified below, the complaint is dismissed.

**DISCUSSION**

### A.      Standard of Review

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

1   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

2   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

7        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

8   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

9   alleged violation was committed by a person acting under the color of state law. *See West v.*

10  *Atkins*, 487 U.S. 42, 48 (1988).

11       **B.      Plaintiff's First Amended Complaint**

12       Pugh's First Amended Complaint (FAC) states that defendant Arredondo, Correctional

13  Case Record Analyst, was given court records [and] exhibits in the Spring of 2023 by Pugh's

14  counselor, which Arredondo lost. Dkt. No. 18 at 2-3. He alleges that he suffered resulting injury in

15  that he was unable to file a habeas petition within the one-year time frame. Pugh alleges defendant

16  Bonta is liable as the person with overall responsibility to ensure that court records of prisoners

17  are protected. *Id.* at 3.

18       Plaintiff's FAC has failed to correct the deficiencies identified in the Court's order of

19  dismissal with leave to amend. Dkt. No. 16. Moreover, any further amendment would be futile.

20  Plaintiff cannot state an access to courts claim. Plaintiff's original conviction occurred in 2001. He

21  was ultimately resentenced in 2015, resulting in a new judgment. *See* Case No. 18-cv-03327-RS,

22  Dkt. No. 44 at 4. That new judgment became final on May 25, 2016. *Id.* at 8. After tolling from

23  Pugh's various state post-conviction filings and mandamus petition, his ultimate deadline for

24  federal habeas claims related to the 2015 new judgment under the Anti-Terrorism and Effective

25  Death Penalty Act of 1996 (AEDPA) was August 10, 2018. *Id.* at 9. Pugh's allegations that

26  defendant's actions in 2023 negatively impacted his ability to file within the AEDPA timeframe

27  cannot state a claim because the statute of limitations had already long run by the time of the

28  conduct of which Pugh now complains.

United States District Court
Northern District of California

2

## CONCLUSION

For the foregoing reasons, the case is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall terminate any pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: February 25, 2025

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California